UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACE PAVING CO., INC., a Washington corporation<br><br>Defendant. | Case No. C08-1847-BAT<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is plaintiffs' motion for summary judgment. Dkt. 6. Plaintiffs filed the motion on March 25, 2009 and noted it for the Court's consideration on April 24, 2009. Defendant has not filed a response.

For the reasons set forth below, the Court hereby ORDERS:

1. Plaintiffs' motion for summary judgment (Dkt. 6) is GRANTED;

2. Judgment is awarded in favor of plaintiffs' Trust Fund against defendant in the amounts hereinafter listed, which amounts are due to plaintiffs for the employment period of October 2008 through January 2009:

    A. $241,844.22 for contributions;

    B. $16,346.80 for dues;

ORDER DIRECTING REPORT ON MEDIATION – 1

| | | |
|---|---|---|
| 1 | C. | $29,021.31 for liquidated damages; |
| 2 | D. | $8,942.04 for interest; |
| 3 | E. | $1023.00 for attorneys' fees; and |
| 4 | F. | $460.10 for costs. |

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Defendant has not filed a brief in opposition to plaintiffs' motion for summary judgment as Local Rule CR 7(b)(2) requires. Accordingly, the Court may deem defendant to have admitted that the motion has merit. Even if the Court does not make this assumption, defendant has not submitted to the Court any facts demonstrating a genuine issue for trial. *See Anderson*, 477 U.S. at 248. Thus, summary judgment is appropriate if plaintiffs have shown that they are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiffs, unincorporated associations operating as trust funds, initiated this action on

ORDER DIRECTING REPORT ON MEDIATION – 2

1  December 29, 2008, when they filed a complaint to collect trust funds and union dues.  Dkt. 1.

2  Defendant has made an appearance in this action, but did not file an answer.  Dkt. 4.

3  In their motion for summary judgment, plaintiffs represent that defendant is bound to a

4  collective bargaining agreement that requires defendant to promptly and fully report for and pay

5  monthly contributions to the plaintiff trusts at specific rates, and to pay liquidated damages equal

6  to 12% of all delinquent and delinquently paid contributions, interest accruing upon such

7  delinquent contributions, and attorneys' fees and costs that the trusts incur in connection with

8  defendant's unpaid obligations.  Dkt. 7 at 2-3.  Plaintiffs further represent that defendant failed to

9  pay its contributions and dues to the trusts for the employment period October 2008 through

10  January 2009, and that this failure obligates defendant to pay damages in the following amounts:

11  contributions of $241,844.21, dues of $16,346.80, liquidated damages of $29,021.31, interest in

12  the amount of $8,942.04, attorney fees of $1,023.00, and courts costs of $460.10.  *Id.* at 3.

13  Defendant has not submitted anything disputing plaintiffs' representations.  Because

14  defendant has failed to present to the Court any facts demonstrating a genuine issue for trial, the

15  Court concludes summary judgment is appropriate and grants plaintiffs' motion.

16  The Clerk is directed to send copies of this Order to all parties of record.

17  DATED this 30th day of April, 2009.

                                                                    _____
                                                                    BRIAN A. TSUCHIDA
                                                                    United States Magistrate Judge